**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Jessica Drew,<br><br>                Plaintiff,<br>v.<br><br>Performant Recovery, Inc.; and<br>DOES 1-10, inclusive,<br><br>                Defendants. | Civil Action No.: 1:13-cv-10869<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Jessica Drew, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Jessica Drew ("Plaintiff"), is an adult individual residing in South Hamilton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $10,600.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

12. In summer of 2012, Performant began placing numerous calls to Plaintiff at her cellular telephone line in an attempt to collect the Debt

13. On or around September 24, 2012, Performant sent Plaintiff a letter stating that the Creditor "may elect to administratively garnish your [Plaintiff's] wages or file a civil suit to compel repayment" of the Debt.

14. In November 2012, Performant contacted Plaintiff's neighbor and asked him if he knew Plaintiff.

15. When Plaintiff's neighbor confirmed he knew Plaintiff, Performant requested that he have Plaintiff return Performant's call and added that Plaintiff would know what the call was concerning.

16. Thereafter, Plaintiff contacted Performant and demanded that Performant do not place calls to her neighbor again.

17. When Plaintiff expressed her concerns about the threatening language of the letter Performant had sent her, Performant's collector told Plaintiff she should not be concerned with the threats, but should worry about paying the Debt instead.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

23. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

31. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

32. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

33. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

34. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 12, 2013

                                  Respectfully submitted,

                                  By  */s/ Sergei Lemberg*

                                  Sergei Lemberg (BBO# 650671)
                                  LEMBERG & ASSOCIATES L.L.C.
                                  1100 Summer Street, 3rd Floor
                                  Stamford, CT 06905
                                  Telephone: (203) 653-2250
                                  Facsimile:  (203) 653-3424
                                  Attorneys for Plaintiff